Form Number LR 4003-2 B (07/10)

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN    DIVISION

In re:                                          } Case No.  14-00991
Michael and Michelle Morsby                     } Chapter  13
                                                }
                                                }
**Debtor(s)**                                   }

### MOTION TO AVOID NONPOSSESSORY, NON-PURCHASE MONEY LIEN ON CERTAIN HOUSEHOLD AND PERSONAL GOODS PURSUANT TO 11 U.S.C. § 522(f)(1)(B)

NOW COMES <u>Michael and Michelle Morsby</u> ("Debtor"), by and through his or her attorney, <u>Jaffe & Erdberg</u>, pursuant to 11 U.S.C. § 522(f), Federal Rules of Bankruptcy Procedure 4003(d) and 9014, and Local Rule 4003-2 to request that this Court enter an order avoiding the nonpossessory, non-purchase money security interest held by <u>1st Franklin Financial Corp</u> ("Creditor").

In support of this motion, the Debtor states:

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(a). This matter is a core proceeding as provided by 28 U.S.C. § 157(b)(2)(K).

2. The Debtor filed a voluntary petition under chapter <u>13</u> of the Bankruptcy Code on <u>March 13, 2014</u>. At the time of the filing, the Debtor owned and claimed an exemption in certain property; specifically, the Debtor claimed an exemption in (describe property): <u>household goods</u> (the "Property").

3. The Property is subject to the following nonpossessory, non-purchase money security interests:

    a. <u>Lien</u> obtained by <u>1st Franklin Financial</u> on <u>02/14/2013</u>;

    b. _____ obtained by _____ on _____;

    c. _____ obtained by _____ on _____.

4. The Debtor is entitled to an exemption in the Property in the amount of $ <u>3000.00</u> pursuant to <u>Alabama Code sec 6-10-2</u> (insert relevant exemption statute).

5. The Debtor's Property has a fair market value of $ <u>550.00</u>.

6. 11 U.S.C. § 522(f)(2)(A) of the Bankruptcy Code provides that "a lien shall be considered to impair an exemption to the extent that the sum of -- (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(B) provides that "[i]n the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens."

Form Number LR 4003-2 B (07/10)

7. Following the formula set forth in 11 U.S.C. § 522(f)(2) for determining whether a lien impairs an exemption, the Debtor:

   a. Adds the lien being requested to be avoided of     $ 1582.34 ,
      all other liens which total                         $ 0.00
      and the maximum exemption allowable in the
      absence of liens of                                 $ 3000.00
      to get a sum of                                     $ 4582.34 .

   b. From the sum above of                               $ 4582.34 ,
      subtracts the value of the property in the absence of
      liens of                                            $ 550.00
      and finds that the extent of the impairment is      $ 4032.34 .

8. Because the extent of the impairment of the exemption, $ 4032.34 ,
   exceeds the entire value of the Creditor's lien,       $ 1582.34 ,
   the entire lien is avoidable.

   -OR-

   Because the extent of impairment,                      $
   is less than the entire value of the lien,             $ ,
   the Creditor's lien can be avoided only to the
   extent of the impairment of the exemption,             $ ,
   and the rest remains as a lien in the amount of        $ .

9. A declaration, consistent with Local Rule 4003-2 and the lien avoidance forms found on the Court's website at www.alnb.uscourts.gov/localforms.cfm, or other admissible evidence is attached and submitted in support of this motion.

WHEREFORE, the Debtor respectfully requests that this Court enter an order that avoids the nonpossessory, non-purchase money security interest or lien on household and personal goods held by Creditor.

DATED: April 17, 2014

By: /s/ Joe S Erdberg
    Joe Erdberg, Attorney
    Jaffe & Erdberg
    205 20th St No Ste 817
    Birmingham, AL 35203

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
DIVISION

In Re:                                              )
Michael and Michelle Morsby              )        14-00991-TBB-13
         Debtors                                    )

### DEBTOR'S DECLARATION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f)(2)

My name is Michael Morsby and I do hereby certify that I am over the age of nineteen and that, based on my personal knowledge as the owner of household goods (the "Property"), and I incurred a debt or obligation with 1st Franklin Financial Corp on or about the February 14, 2013. This debt or obligation is secured by interest against the Property. Although the Property was pledged to Respondent as collateral, I did not use the proceeds of the loan to acquire the Property.

As of the petition date, the Property has a fair market value of $550.00 based on opinion of debtor. I have claimed an exemption in the Property in the amount of $550.00 under Alabama Code §6-10-2. The value of the 1st Franklin Financial's lien is $1582.34.00. The other liens against the Property are for $0.00 which total $1582.34.

DATED: 4/17/14

Michael Morsby

STATE OF ALABAMA        )
COUNTY OF JEFFERSON  )

Before me, the undersigned Notary Public, in and for said county and state, did personally appear Michael Morsby, who is known to me, and after, by me being first duly sworn, and under oath, did depose and declare the foregoing.
SWORN TO and SUBSCRIBED before me this the 17th day of April, 2014.

Notary Public Budget Ud

My commission expires on: 5/25/2015